IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS JULY 23, 2002

## VERITEENA V. HOLLINS v. COVINGTON PIKE CHRYSLER-PLYMOUTH, INC.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-006787-01; The Honorable Robert L. Childers, Judge**

--------

**No. W2002-00492-COA-R3-CV - Filed December 23, 2002**

--------

Ms. Hollins filed suit against Covington Pike Chrysler-Plymouth in general sessions court. On the day of the scheduled trial, Ms. Hollins' counsel announced a judgment for the defendant. Both parties agree that this judgment was announced in order to move the case from general sessions court to circuit court. Ms. Hollins never appealed the judgment. Eleven months later she refiled the case in general sessions court. The sessions court dismissed the case finding it to be *res judicata*. Ms. Hollins appealed this decision to circuit court. The circuit court granted Covington Pike Chrysler-Plymouth's motion for summary judgment on the basis of *res judicata*. We agree.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY KIRBY LILLARD, J., joined.

Stuart B. Breakstone, Memphis, TN, for Appellant

Joseph W. Barnwell, Jr., Memphis, TN, for Appellee

### OPINION

### Facts and Procedural History

Veriteena Hollins ("Ms. Hollins") filed a Complaint and Civil Warrant against Covington Pike Chrysler-Plymouth, Inc. ("CPCP") in Shelby County General Sessions Court on February 18, 2000. Ms. Hollins alleged that CPCP had not disclosed to her that the 1999 Chrysler 300M she purchased from them had been previously damaged. She pled several grounds for relief including breach of contract, misrepresentation, and violation of the Tennessee Consumer Protection Act. The parties agreed to enter a judgment for CPCP in general sessions court without a hearing. Ms. Hollins' counsel announced the judgment for CPCP in general sessions court and it was entered on August 29, 2000. The parties agree that the purpose of entering the judgment in general sessions

court without a hearing was to avoid trying the case twice, once in general sessions, and once *de novo* in circuit court. The next action taken in the case was the filing by Ms. Hollins of another Complaint and Civil Warrant in general sessions court on July 18, 2001. CPCP moved to dismiss the Complaint on the basis of *res judicata*. This motion was granted on October 25, 2001. Ms. Hollins appealed this ruling to the Shelby County Circuit Court. CPCP made a Motion for Summary Judgment in the circuit court that asked for a dismissal on the grounds of *res judicata*. CPCP's motion was granted and the case dismissed by an Order entered February 5, 2002. Ms. Hollins timely filed an appeal to this court and presents the following issue for our review:

> I.  Whether the trial court erred by granting summary judgment to the Defendant/Appellee on the sole basis of *res judicata* when the general sessions verdict for the Defendant was not on the merits and was never intended to be final?

## Standard of Review

We are reviewing the grant of a motion for summary judgment, thus the standard of review is *de novo* with no presumption of correctness given to the judgment of the trial court. *Guy v. Mutual of Omaha Ins. Co.*, 79 S.W.3d 528, 534 (Tenn. 2002).

## Law and Analysis

A summary judgment is appropriate where the moving party shows that there are no genuine issues of material fact and "that the moving party is entitled to a judgment as a matter of law." *Guy*, 79 S.W.3d at 534 (citing Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993)). As we have stated, "*res judicata* is a rule that an existing final judgment rendered upon the merits by a court of competent jurisdiction is conclusive as to the rights of the parties . . . and constitutes an absolute bar to a subsequent action involving the same claim . . . ." *Lewis v. Muchmore*, 26 S.W.2d 632, 637 (Tenn. Ct. App. 2000). In order for *res judicata* to apply, the judgment must be on the merits, *Lewis*, 26 S.W.2d at 637, but this does not mean that there must have been a trial. 50 C.J.S. *Judgments* § 728 (1997). If the parties had an opportunity to be heard, and there are no technical defects, the judgment "is on the merits, although there was no actual hearing or argument on the facts of the case." 50 C.J.S. *Judgments* § 728.

CPCP in its brief contends, and we agree, that Ms. Hollins had three choices on the day of her scheduled trial in the Shelby County General Sessions Court: 1. She could have proceeded with the trial, and appealed an adverse decision to the circuit court. 2. She could have taken a voluntary nonsuit and refiled either in general sessions or in circuit court. 3. She could have avoided having to file another pleading by entering a judgment for the defendant and appealing to the circuit court within ten days for a *de novo* trial.

It is undisputed that Ms. Hollins chose to enter a judgment for the defendant. It is also undisputed that Ms. Hollins did not appeal to the circuit court within ten days as required by

Tennessee Code Annotated § 27-5-108(a)(1).[1] It is undisputed that Ms. Hollins, instead refiled her suit eleven months later in general sessions court. The general sessions court and the circuit court held that the matter was *res judicata*. We agree.

Ms. Hollins contends that the judgment that was entered "was never intended to be final." Ms. Hollins, however, does not dispute that the parties agreed to enter a judgment in order to move the case from the general sessions court to the circuit court. A final judgment is required for such an appeal. *See* T.C.A. § 27-5-108(a)(1).

Ms. Hollins further contends that the judgment of the the general session court was not a "judgment on the merits" and thus cannot be subject to the doctrine of *res judicata*. We cannot agree. Ms. Hollins had notice of the hearing, and had an opportunity to be heard. Apparently to save the trouble of taking a non-suit and having to refile the suit in circuit court, counsel for Ms. Hollins announced a judgment for CPCP. No appeal was taken and, thus, this judgment can be nothing other than a final judgment with *res judicata* effect. We affirm the grant of summary judgment by the lower court.

## Conclusion

The record shows no disputed facts and that CPCP is entitled to judgment as a matter of law. Therefore, we affirm the granting of summary judgment by the trial court. Costs are taxed to Ms. Hollins, and her surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE

---

[1] This section states in pertinent part "[a]ny party may appeal from an adverse decision of the general sessions court to the circuit court of the county within a period of ten (10) days on complying with the provisions of this chapter." T.C.A. § 27-5-108 (a)(1) (2000 & Supp. 2002).